

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2004

# USA v. Todman

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Todman" (2004). *2004 Decisions.* Paper 71.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/71

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-2389

UNITED STATES OF AMERICA

v.

DEVAUGHN TODMAN,
Appellant

On Appeal from the District Court
of the Virgin Islands
(D.C. Crim. No. 00-cr-00737-02)
District Judge: Hon. Thomas K. Moore

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2004

Before: SLOVITER, FUENTES and GREENBERG, Circuit Judges

(Filed: December 16, 2004)

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Devaughn Todman was convicted of possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), following a jury trial in the District Court of the Virgin Islands.[1]  Todman argues on appeal that the District Court erred by denying his motion for a judgment of acquittal and by failing to excuse a juror who worked in an organization that represented a party adverse to the party represented by Todman's defense counsel in an unrelated matter.  Inasmuch as we are writing only for the parties and the District Court, we need not set forth the details of the factual or procedural background in this matter.  We will limit our discussion to our ratio decidendi. For the reasons that follow, we reject both of Todman's claims.

**I.**

In reviewing a jury verdict for sufficiency of the evidence, we "must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993) (internal citations and quotations omitted).

In this case, the evidence presented to the jury was sufficient to support its conclusion that Todman possessed cocaine with an intent to distribute.  The jury heard evidence that on January 26, 2000,  Police Officer James Marrishow was conducting

---

[1]  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction under 28 U.S.C. §§ 1291, 1294(3).

traffic stops on Donoe Bypass Road, St. Thomas, Virgin Islands, for the purposes of checking licenses, registrations and insurance coverage. He observed a white sports-utility vehicle pull out of the line of vehicles approaching the checkpoint and reverse at a high rate of speed. When Officer Marrishow pulled the vehicle to the side of the road, he observed Todman run to the vehicle's rear and toss a white bag into shrubbery lining the side of the road. This bag was retrieved and forensic testing revealed that it contained two separately wrapped packages of cocaine, totaling approximately 2,015 grams.

We have held that "[w]hen a defendant is found in possession of a sufficiently large quantity of drugs, an intent to distribute may logically be inferred from the quantity of drugs alone." United States v. Rodriguez, 961 F.2d 1089, 1092 (3d Cir. 1992). In the present case, Todman was found in possession of more than two kilograms of cocaine, a quantity sufficient to permit the inference of intent to distribute. Moreover, the jury could have logically concluded from Todman's actions in driving away from the police stop and tossing the cocaine package that he knew he possessed cocaine and that his actions were consistent with an attempt to avoid police detection. This evidence, together with the quantity of cocaine, is more than sufficient to support the jury's conclusion that Todman possessed with an intent to distribute. See also United States v. Joseph, 800 F. Supp. 1303, 1310 (D. V.I. 1992).

## II.

During voir dire, juror number 26, Avis Blackman, informed the court that she was a legal assistant for an organization representing indigent people, and that Todman's trial counsel served as opposing counsel in an active administrative proceeding unrelated to the Todman matter. In response to questioning by the court, she assured the court that she could be fair and impartial in the present case.[2] The court seated her to the jury. Neither

---

[2] The relevant exchange was as follows:

> Juror No. 26: I work for Legal Services, I'm a legal assistant, and I appear before administrative proceedings representing indigent people. And Attorney Derr was on the other side of one case. So, and the case is still--
>
> The Court: It hasn't been settled?
>
> Juror No. 26: Right.
>
> The Court: So, is there anything about your relationship that would affect your ability to be fair and impartial? Do you think it would carry over into this?
>
> Juror No. 26: Under the circumstances, that it's still going on, you know, it's a possibility.
>
> The Court: It's how it would affect you. Can you put it aside, or do you think it would tend to make you either favor the government or favor Mr. Derr?
>
> Juror No. 26: That may not happen, but I may be still involved in the reality of the case.
>
> The Court: Which case?

4

the government nor Todman offered any objection. Todman now argues on appeal that the District Court's failure to exclude Ms. Blackman violated his right to a fair and impartial jury under the Sixth Amendment. Because there was no objection, we review for plain error under Federal Rule of Criminal Procedure 52(b). United States v. Barbosa, 271 F.3d 438, 453 (3d Cir. 2001).

"[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." Johnson v. United States, 520 U.S. 461, 466-67 (1997) (internal quotations and citation omitted). The deviation from a legal rule is "error," and an error is "plain" if it is "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993) (internal quotations and citations omitted). In most cases, an error affects substantial rights if it is prejudicial, i.e., if it "affected the outcome of the district court proceedings." Id. at 734. We have discretion to correct the forfeited error, but should not exercise that discretion unless "the error

---

> Juror No. 26: The same case.
> The Court: Well, that has nothing to do with this case.
>
> Juror No. 26: I understand that.
>
> The Court: So, you're saying that you think it may carry over and affect your ability to be fair and impartial? You see, what we're interested in finding out is whether or not you'll be able to give Mr. Todman and the government a fair trial.
>
> Juror No. 26: I would be able to do that.

Joint App. at 37A-39A.

seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

Johnson, 520 U.S. at 467 (internal quotations and citations omitted). Unlike a harmless

error analysis, the defendant bears the burden of demonstrating that the error was

prejudicial. See Olano, 507 U.S. at 734.

Todman argues that because of Ms. Blackman's employment, the District Court

should have found implied or presumed bias and that its failure to exclude her from the

jury constitutes reversible error. We disagree.

Actual bias may be shown by either "express admission of the juror," United

States v. Cerrato-Reyes, 176 F.3d 1253, 1260 (10th Cir. 1999), or it may be "found by the

court[,] based upon the juror's voir dire answers." Id.; see also United States v. Torres,

128 F.3d 38, 43 (2d Cir. 1997). The Supreme Court has stated that a finding of actual

bias "is based upon determinations of demeanor and credibility that are peculiarly within

a trial judge's province." Wainwright v. Witt, 469 U.S. 412, 428 (1985).

In contrast, the issue "for implied bias is whether an average person in the position

of the juror in controversy would be prejudiced." Torres, 128 F.3d at 45; see also

Cerrato-Reyes, 176 F.3d at 1260 (stating that finding of implied bias "is appropriate

where the juror, although she believes that she can be impartial, is so closely connected to

the circumstances at issue in the trial that bias is presumed"). A finding of implied bias is

reserved for those extreme situations and exceptional circumstances that leave "serious

question whether the trial court subjected the defendant to manifestly unjust procedures

6

resulting in a miscarriage of justice." Smith v. Phillips, 455 U.S. 209, 222 (1982) (O'Connor, J., concurring).

Applying these principles to the facts of the case, we conclude that Todman has failed to establish either actual or implied bias. During voir dire, Ms. Blackman assured the court that she could remain fair and impartial. The District Court, with the benefit of direct questioning and observation, determined that Ms. Blackman was credible and unbiased, and therefore fit to sit on the jury. We see no reason to reverse this determination. See Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981). Furthermore, any bias inherent to Ms. Blackman's employment is too attenuated to constitute "implied bias" under the stringent standard enunciated above. Smith, 455 U.S. at 222 (O'Connor, J., concurring).

Because Todman has failed to establish any basis for presumed or implied bias, we find that the District Court did not commit plain error in sitting Ms. Blackman to the jury.

**III.**

For the above reasons, we will affirm the District Court's judgment of sentence and conviction.